IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01844-BNB

JAMES VELTRI,
    Applicant,

v.

ARI ZAVARAS, Director of D.O.C.,
WARDEN BRILL, and
JOHN W. SUTHERS, Attorney General of the State of Colorado,
    Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JAN 2 1 2010

GREGORY C. LANGHAM
CLERK

---

ORDER TO DISMISS IN PART AND TO DRAW CASE
TO A DISTRICT JUDGE AND TO A MAGISTRATE JUDGE

---

Applicant James Veltri is a prisoner in the custody of the Colorado Department of Corrections at the Kit Carson Correctional Center in Burlington, Colorado. Mr. Veltri initiated this action by filing *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On August 12, 2009, Mr. Veltri filed on the proper form an amended application for a writ of habeas corpus. Mr. Veltri is challenging the validity of his conviction in Denver District Court case number 04CR3755.

In an order filed on August 17, 2009, Magistrate Judge Boyd N. Boland directed Respondents to file a Pre-Answer Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A) if Respondents intend to raise either or both of those affirmative defenses in this action. On October 27, 2009, Respondents filed their Pre-Answer Response. Mr. Veltri was provided an opportunity to file a reply to the Pre-Answer Response but he has not done so. Instead, on November 30, 2009, Mr.

Veltri filed a "Motion Redirecting This Court to Rule on 'Only' Any and All Violations of Fourth Amendment of the U.S. and State of Colorado Constitutions Over Illegal Search & Seizure."

The Court must construe the amended application and other papers filed by Mr. Veltri liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the amended application in part.

Mr. Veltri was convicted by a jury of one count of possession with intent to distribute a controlled substance and one count of possession of a controlled substance. He is serving a sentence of twelve years in prison. The judgment of conviction was affirmed on direct appeal. *See People v. Veltri*, No. 05CA2003 (Colo. Ct. App. Apr. 3, 2008) (unpublished). On July 14, 2008, the Colorado Supreme Court denied Mr. Veltri's petition for writ of certiorari on direct appeal. On August 8, 2008, Mr. Veltri filed a postconviction motion for sentence reconsideration that was denied by the trial court on October 14, 2008. On December 22, 2008, Mr. Veltri filed a postconviction motion pursuant to Rule 35(c) of the Colorado Rules of Criminal Procedure that was denied by the trial court on June 17, 2009. Mr. Veltri did not appeal from the denial of either state court postconviction motion.

The Court received the instant action for filing on July 29, 2009. In the amended application Mr. Veltri asserts two claims for relief, a Fourth Amendment claim with two

subparts and a due process claim. Mr. Veltri's motion filed on November 30, in which he asks the Court to consider only the Fourth Amendment claims and disregard all other issues, will be granted. As a result, the due process claim will be dismissed.

Mr. Veltri contends in support of his Fourth Amendment claims that the officers who arrested him conducted an illegal search and subsequently perjured themselves in their testimony regarding the search. As identified by Respondents, this Fourth Amendment claim has two parts, pretext and perjury. Mr. Veltri alleges in support of the pretext portion of the Fourth Amendment claim that the parole officer who conducted or authorized the search was acting as an agent for the police. The perjury portion of the Fourth Amendment claim is based on the allegedly false testimony given by the officers in court.

Respondents do not argue that this action is barred by the one-year limitation period in 28 U.S.C. § 2244(d). Respondents also concede that the pretext portion of the Fourth Amendment claim was exhausted on direct appeal. However, Respondents contend that the perjury portion of the Fourth Amendment claim is unexhausted and procedurally barred because, although Mr. Veltri raised the perjury claim in a postconviction motion, he did not appeal the denial of the postconviction motion and he may not raise the perjury claim again in a successive postconviction motion.

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kansas State*

*Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever*, 36 F.3d at 1534.

Furthermore, "the substance of a federal habeas corpus claim" must have been presented to the state courts in order to satisfy the fair presentation requirement. *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989). Fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution." *Picard*, 404 U.S. at 278 (internal quotation marks omitted). However, "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts." *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam). A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

Finally, "[t]he exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies before seeking federal relief. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

The Court agrees with Respondents that Mr. Veltri did not raise the perjury portion of his Fourth Amendment claim in his direct appeal. Even assuming the perjury

portion of the Fourth Amendment claim properly was raised as a federal constitutional claim in a postconviction motion, that claim is not exhausted because Mr. Veltri did not appeal the denial of either postconviction motion to the Colorado appellate courts. Therefore, the Court finds that Mr. Veltri has not satisfied the fair presentation requirement with respect to the perjury portion of his Fourth Amendment claim.

Although Mr. Veltri failed to satisfy the fair presentation requirement with respect to the perjury portion of his Fourth Amendment claim, the Court may not dismiss that claim for failure to exhaust if Mr. Veltri no longer has an adequate and effective state remedy available to him. **See Castille**, 489 U.S. at 351. Mr. Veltri no longer has an adequate and effective state remedy available to him because the time for filing an appeal from the denial of his state court postconviction motions has passed. **See** Colo. App. R. 4(b) (providing forty-five days to appeal file an appeal). Furthermore, the Colorado Rules of Criminal Procedure prohibit successive postconviction Rule 35 motions with limited exceptions that are not applicable to the perjury claim Mr. Veltri allegedly raised in his state court postconviction motion but failed to exhaust. **See** Colo. R. Crim. P. 35(c)(3)(VI) ("The court shall deny any claim that was raised and resolved in a prior appeal or postconviction proceeding on behalf of the same defendant."). Therefore, the Court finds that the perjury portion of Mr. Veltri's Fourth Amendment claim is procedurally defaulted.

As a general rule, federal courts "do not review issues that have been defaulted in state court on an independent and adequate state procedural ground, unless the default is excused through a showing of cause and actual prejudice or a fundamental

miscarriage of justice." ***Jackson v. Shanks***, 143 F.3d 1313, 1317 (10th Cir. 1998). Application of this procedural default rule in the habeas corpus context is based on comity and federalism concerns. ***See Coleman v. Thompson***, 501 U.S. 722, 730 (1991). Mr. Veltri's ***pro se*** status does not exempt him from the requirement of demonstrating either cause and prejudice or a fundamental miscarriage of justice. ***See Lepiscopo v. Tansy***, 38 F.3d 1128, 1130 (10th Cir. 1994).

Mr. Veltri fails to demonstrate either cause and prejudice for his procedural default or that a failure to consider the perjury portion of his Fourth Amendment claim will result in a fundamental miscarriage of justice. Therefore, the Court finds that the perjury portion of the Fourth Amendment claim is procedurally barred and must be dismissed.

In summary, Mr. Veltri's due process claim will be dismissed pursuant to his motion filed on November 30 asking the Court to consider only the Fourth Amendment claims and disregard all other issues. Respondents do not argue that the Fourth Amendment claims are untimely or that the pretext portion of the Fourth Amendment claim is unexhausted. The perjury portion of the Fourth Amendment claim will be dismissed as procedurally barred. Therefore, upon completion of the Court's review pursuant to D.C.COLO.LCivR 8.2C, the case will be drawn to a district judge and to a magistrate judge. ***See*** D.C.COLO.LCivR 8.2D. Accordingly, it is

ORDERED that Applicant's "Motion Redirecting This Court to Rule on 'Only' Any and All Violations of Fourth Amendment of the U.S. and State of Colorado Constitutions Over Illegal Search & Seziure" filed on November 30, 2009, is granted and Applicant's

Case 1:09-cv-01844-WJM-MEH   Document 21   Filed 01/20/10   USDC Colorado   Page 7 of 8

due process claim in the amended application filed on August 12, 2009, is dismissed. It is

FURTHER ORDERED that the perjury portion of Applicant's Fourth Amendment claim in the amended application filed on August 12, 2009, is dismissed as procedurally barred. It is

FURTHER ORDERED that this case shall be drawn to a district judge and to a magistrate judge.

DATED at Denver, Colorado, this 20 day of January, 2010.

BY THE COURT:

ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-01844-BNB

James Veltri
Prisoner No. 60017
Kit Carson Corr. Center
PO Box 2000
Burlington, CO 80807

John J. Fuerst III
Senior Assistant Attorney General
**DELIVERED ELECTRONICALLY**

I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on  1/20/10

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk